**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**Lamont Rippy, et al.,**

        **Plaintiffs,**        **Civil Action No. 10-12217**

        vs.        **District Judge Sean F. Cox**

**Mortgage Electronic,**        **Magistrate Judge Mona K. Majzoub**
**Registration Systems, Inc.,
et al.,**

        **Defendants.**
_____/

## REPORT AND RECOMMENDATION

On June 4, 2010 Plaintiffs Lamont Rippy and Vikki Rippy filed a twenty-five count complaint alleging that Defendants Mortgage Electronic Registrations Systems and Home Loan Servicing Inc. violated the Truth-In-Lending-Act, 15 U.S.C. § 1601 et seq., (TILA) and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq., (RESPA). Plaintiffs' last count seeks injunctive relief for those violations.

Before the Court is Defendants' motion for summary judgment. (Dkt. 36.) Defendants filed this motion on October 6, 2011. Plaintiffs have not filed a response.

The Court has been referred this motion pursuant to 28 U.S.C. § 636(b)(1)(B). The Court has reviewed the pleadings, dispenses with a hearing, and issues this report and recommendation.[1]

**I.    Recommendation**

Because Plaintiffs have brought their claims outside of TILA and RESPA's statutes of

---

[1] The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

limitations and because Plaintiffs have failed to bring forth any evidence that they would be entitled to injunctive relief, the Court recommends granting Defendants' motion for summary judgment and dismissing this case with prejudice.

## II.     Report

### A.     Facts

On November 15, 2006 Plaintiffs borrowed $161,000.00 from First Franklin Financial Corporation to refinance the existing loan on their property, 6015 Locust Trail, Grand Blanc, Michigan. (Defs.' Mot. for Summ. J., Ex. A.) They executed a promissory note and a prepayment addendum to the note. (*Id.*) On that same day, Plaintiffs also borrowed $40,400.00 from First Franklin. They executed a second promissory note and balloon note addendum for that second loan amount. (*Id.*, Ex. B.) To secure payment for the first and second notes, Plaintiffs executed mortgages, giving MERS an interest in 6015 Locust Trail. (*Id.*, Exs. C, D.) Defendants state that Plaintiffs received "various disclosures, including Federal Truth in Lending Discovery statements, Good Faith Estimates of Settlement Charges, and Servicing Disclosure Statement, all of which clearly disclosed, among other things, the terms of the Loan and the costs of the Loan." (Defs.' Mot. for Summ. J. at 2, Ex. E.) Defendants add that Plaintiffs signed closing documents that reflect that they received the Federal Truth-In-Lending Disclosure Statement, the Settlement Statement, the Servicing Disclosure Statement, Good Faith Estimates of Settlement Charges, and Notice of Right to Cancel. (*Id.*, Exs. F, G.) Defendants state that Plaintiffs did not exercise their right to rescind. (*Id.* at 3.)

Plaintiffs filed this lawsuit just under four years after they signed the promissory notes and executed the mortgages, "presumably," Defendants argue, to delay a foreclosure on their property.

(Defs.' Mot. for Summ. J. at 3.)

### B. Summary judgment standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party may meet that burden "by 'showing' – that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Revised Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). The revised Rule also provides the consequences of failing to properly support or address a fact:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

When the moving party has met its burden under rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, *id.* at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," *Hager v. Pike County Bd. Of Education*, 286 F.3d 366, 370 (6th Cir. 2002).

**C.     Analysis**

Defendants argue that they are entitled to summary judgment on Plaintiffs' TILA and RESPA claims because those claims are time-barred. Defendants argue that they are entitled to summary judgment on Plaintiffs' request for injunctive relief because Plaintiffs have not shown that they are likely to succeed on the merits of the claims. The Court agrees with Defendants.

A lengthy analysis is unnecessary. TILA requires plaintiffs alleging violations of it to file suit within its limitations periods, either one or three years. 15 U.S.C. § 1640(e). Here, Plaintiffs filed their complaint over three years after any alleged violation. Plaintiffs TILA claims are therefore time-barred.

The same argument applies to Plaintiff's RESPA claims. RESPA requires plaintiffs alleging violations of it to file suit within its limitations periods–again, one or three years. 12 U.S.C. § 2614. Because Plaintiffs filed their complaint over three years after the alleged violation, their RESPA claims are barred.

As for Plaintiffs' injunctive relief claim, the Court finds that they have not substantiated that claim in any way. Defendants argue that Plaintiffs cannot succeed on this claim because Plaintiffs

4

are unable to show that they are likely to succeed on the merits of their claims. (Defs.' Mot. for Summ. J. at 8.)  Here, the Court agrees with Defendants and finds that Plaintiffs are not entitled to a preliminary injunction, for Plaintiffs are unable to succeed on their claims.  The Court further finds that Plaintiff have not substantiated their argument that they are entitled to any sort of injunctive relief.  The Court therefore recommends that summary judgment on this claim is also appropriate. *See Bays v. City of Fairborn*, ___F.3d___, 2012 WL 426577, at *2 (6th Cir. Feb. 13, 2012) (discussing the preliminary injunction standard).

### D.    Conclusion

For the above-stated reasons, the Court recommends granting Defendants' motion for summary judgment and dismissing this case.

## III.    Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 6, 2012                             s/ Mona K. Majzoub
                                                 MONA K. MAJZOUB
                                                 UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.


Dated:  March 6, 2012                            s/ Lisa C. Bartlett
                                                 Case Manager

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 6, 2012                            s/ Mona K. Majzoub
                                                MONA K. MAJZOUB
                                                UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.


Dated:  March 6, 2012                           s/ Lisa C. Bartlett
                                                Case Manager